UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DENARD DARNELL NEAL,
CESTUI QUE VIE TRUST,
REG NO. 23843-008,
FEDERAL CORRECTIONAL COMPLEX,
P.O. BOX 3900,
ADELANTO, CALIFORNIA. 92301.,

Denard-Darnell: Neal,
Beneficiary of the Cestui Que Vie Trust,
Secured Party/Creditor,
Holder-In-Due-Course,
Recorder Owner, Ex Rel.,
Real Party In Interest,

    Vs.

PIMCO-PACIFIC INVESTMENT MANAGEMENT COMPANY,
655 Newport Drive,
Newport Beach, California, 92660.
Defendants.

FILED
OCT 21 2015
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

'15 CV 2389 LAB DHB
Civil Action No._____

JURY TRIAL DEMANDED

---

CIVIL ACTION PURSUANT TO THE FOLLOWING CIVIL AND CRIMINAL CLAIMS:
FRAUD: IDENTITY THEFT: THEFT BY DECEPTION: HUMAN TRAFFICKING:
PEONAGE: INVOLUNTARY SERVITUDE: SECURITIES FRAUD: CIVIL AND
CRIMINAL RICO (RACKETEERING INFLUENCE CORRUPT ORGANIZATION)
CCE (CONTINUE CRIMINAL ENTERPRISE): CIVIL RIGHTS VIOLATION
PURSUANT TO TITLE 18 UNITED STATES CODE SECTION 241;
(CONSPIRACY AGAINST THE RIGHTS OF CITIZENS-18 U.S.C. §241);
CIVIL RIGHTS VIOLATION PURSUANT TO TITLE 18 UNITED STATES
CODE SECTION 242; (DEPRIVATION OF RIGHTS UNDER COLOR OF LAW-
18 U.S.C. § 242)

---

COVER PAGE

Comes now, Plaintiff Denard-Darnell: Neal; hereby appearing by Special Visitation before this Honorable Court, do submit this civil action before the court seeking judicial review and adjudication. Plaintiff seeks the indulgence of the court as plaintiff is not school in the law. This is set by the precedent of Hanines vs. kerner, 404 U.S. 519.

## JURISDICTION OF THE COURT

The court has jurisdiction over the plaintiff's claims of violations of federal constitutional rights under 28 U.S.C. §§ 1331(1) and 1343.

## JURISDICTION PURSUANT TO DIVERSITY OF CITIZENSHIP

United States District Court For The Southern District of California, also exercise jurisdiction pursuant to the concept of Diversity of Citizenship, in which the defendant-Pimco is a corporation thereby a Citizen of California, and while plaintiff is currently housed in United States Penitentiary Victorville California, plaintiff is not a citizen of the Republic/States of California. Furthermore, plaintiff Denard-Darnell: Neal; is not an United States Citizen and plaintiff of resident is the Arizona Republic, thereby giving rise to jurisdiction pursuant to diversity of citizenship.

## PARTIES TO THE ACTION

1.) Plaintiff, Denard-Darnell: Neal; is a Hebrew Israelite Male of 52 years in age and is currently illegally housed within an United States Penitentiary Victorville California, as such plaintiff is the Sole Beneficiary of the DENARD DARNELL NEAL Cestui Que Vie Trust.

2.) Pimco-Pacific Investment Management Company is located at: 655 Newport Drive, Newport Beach California-92660, and as a corporation constitute as a citizen of the State of California. Pimco, being the defendant in this action is and continue to be the party inflicting harm and injury upon plaintiff via Fraud, Identity Theft, Involuntary Servitude, Slavery, Human Trafficking, etc. Pimco is being sued in its individual and corporate capacity in the sum certain amount of $22, 260,000,000.00; Twenty Two Billion Two Hundred Sixty Million Dollars.

## I. IDENTIFICATION OF MOVING PARTY.

3.) By Special Visitation, I Denard-Darnell, sui juris, of the Neal Family am the Movant (Hereinafter referred to as "Beneficiary" "Claimant" "Plantiff" "Secured Party/Creditor") in the above entitled action do DECLARE THE FOLLOWING:

4.) Plaintiff's true appellation is not DENARD DARNELL NEAL; DENARD NEAL; DARNELL NEAL; DARNELL D. NEAL; D..D NEAL; NEAL; or any variation or derivatives thereof or therefrom, printed or written, spelled in upper or lowercase, whole or in part, in any form as used in Commercial Actions, Declarations, Presentments, Instruments, etc., in any Court of Law, whether Criminal, Civil, or Commercial.

## II. STATUS OF PLAINTIFF.

5.) Plaintiff is currentyly being held agaisnt his will in the location of the Federal Bureau of Prisons United States Penitentiary Victorville pursuant to an unconstitutional judgment that has and continue to subject plaintiff to Acts of Slavery as a result of illegal identity theft by the U.S. Attorney office working in conjunction with the Pimco corporation to illegally use plaintiff as the surety for false bonds created in plaintiff identity without plaintiff consent.

6.) Plaintiff is also the Secured Party/Creditor Beneficiary to the Cestui Que Vie Trust known as DENARD DARNELL NEAL (DEBTOR), or any variations or derivatives thereof or therefrom, in any form. (See Exhibit-C; UCC-1 filings) Plaintiff is the Record Owner and Principal Party-In-Interest of the Trade Name: DENARD DARNELL NEAL(DEBTOR), or any variations thereof or therefrom, in any form.

## III. BACKGROUND OF CASE.

7.) In or about the year 2005, plaintiff was inform by an un-name attorney that no appeal in regards to plaintiff criminal case-Docket No. CR 90-03-01-PHX-EHC; would be successful because the U.S. Government via the U.S. Attorney office that facilitated the criminal prosecution had in fact created sold and/or marketed bonds in plaintiff identity without plaintiff consent, thereby the U.S. Government had a hidden financial motvaiting factor in ensuring that plaintiff would not be granted an fair and impartial appeal.

-2-

8.) Plaintiff was also told that the bonds were in fact being marketed on Wall Street by private corporations who were in fact working in conjunction with the U.S. Attorney office to generate profits from these illegal bonds. As a result of this information plaintiff via a submitted Freedom of Information Request to the Department of Justice-Executive office for United States Attorney's attempted to obtain the illegally created bonds.

9.) The U.S. Departmentof Justice-Executive office for United States Attorney's upon receiving plaintiff FOIA request did in fact refuse to response to plaintiff request. Because of plaintiff request for information had not been responded to, plaintiff initiated a civil action against the Dept., of Justice (See Exhibit-A; copy of the ruling in the action), who made legal declarations to the court that no bonds existed and/or were created within plaintiff identity which resulted in the District Court and the Court of Appeals dismissing plaintiff civil action.

## IV. FACTS OF CASE.

10.) On or about July 6, 2015, plaintiff received documents from plaintiff family that were in fact a CUSIP REPORT that in fact evidence that the corporation Pimco-Pacific Investment Management Company had sense January 12, 2007, been marketing bonds in plaintiff identity; (See Exhibit-B; Copy of CUSIP REPORT).

11.) Plaintiff state pursuant to the laws of perjury, that Plaintiff has never engaged any individual, person, agent, human being, at Pimco or any other corporation, nor has plaintiff ever contact, or enter into any type of business dealings with Pimco, therefore no contract, debt, exist between plaintiff Denard-Darnell: Neal; adn Pimco. It is further asserted by plaintiff Denard-Darnell: Neal; that no one at Pimco, the U.S. Attorney office, any and all agents of the United States Dept., of Justice has obtained consent from plaintiff to create, market bonds in plaintiff identity

12.) Plaintiff assert that the creation of any bonds in plaintiff identity constitute identity theft by Pimco, and that all bonds marketed by Pimco in plaintiff identity are in all respect fraudulent. The use of fraudulent bonds by Pimco in plaintiff identity in which plaintiff is being use as the involuntary surety has and continue to subject plaintiff to Slavery, Human Trafficiking, Peonage, Involuntary Servitude, Constitutional and Human Rights Violations.

13.) As evidence by the CUSIP REPORT (see Exhibit-B), Pimco has in fact earned 22 Billion Dollars off plaintiff. Plaintiff assert that all funds earned off plantiff were done illegally and are in fact funds that belong to plaintiff and are herein assert as the property of plaintiff.

14.) The issue of securities in plaintiff identity by Pimco constitute an unconstitutional taking without due process of law and without just compensation, and which is done as a pattern and practice consist with acts of RICO (Racketeering Influence Corrupt Organization) and CCE (Continue Criminal Enterprise), as from January 1, 2007 until September 1, 2015, is nine years, well past the minmum time of 3-years needed to establish a CCE charge against Pimco. The issued of bonds in plaintiff identity constitute criminal RICOas the bonds are being use by Pimco to bind plaintiff as an involuntary surety in which plaintiff Denard-Darnell: Neal; continue to be subjected to condition of Slavery, Human Trafficking, Peonage, Involuntary Servitude; it is further asserted that because the bonds in plaintiff identity being marketed by Pimco has in fact generated a financial gain for Pimco for more than 22 Billion Dollars give rise to an Civil Rico violation.

15.) The illegal creation, marketing of bonds in plaintiff identity has and continue to inflick harm and injury upon plaintiff via the illegal use of plaintiff as the involuntary surety for bonds not authorized by plaintiff, but nonetheless having direct effect and impact upon plaintiff ability to effect post conviction relief thereby representing a concrete injury upon plaintiff Denard-Darnell: Neal; physical body. This scheme to profit from the illegal conviction of the plaintiff and keep plaintiff incarcerated speaks to an intentional violation of 18 U.S.C. § 241- Conspiracy Against the Rights of Plaintiff (A Citizen) whereby the defendant-Pimco can not assert any claim that it-Pimco, accidently created and sold bonds in plaintiff identity, how do anyone accidently write plaintiff name on documents and then market the documents on Wall Street, never having obtain consent of the surety on the documents, thereby subjecting plaintiff to Deprivations of Rights Under Color of Law pursuant to 18 U.S.C. §242, in which Pimco has and continue to engage in

"Scheme or Artifice To Defraud" plaintiff Denard-Darnell: Neal; of intangible rights purusant to 18 U.S.C. § 1346-"Scheme or Artifice to Defraud".

16.) The defendant-Pimco knew or should have known it was a false representation to use someone else's identification without that party's knowledge or consent, the issue of the bonds for sale in the public were in fact false representation made recklessly and without regard for the truth in order to induce action by plaintiff; and therefore, are the equivalent of misrepresentations knowingly and intentionally uttered; with the intention that the public would act upon the misrepresetnations, as he who acts with knowledge that a result will follow is considered to intent the result.

17.) The CUSIP REPORT, attached hereto as Exhibit-B; and incorporated herein by reference is evidence of the existence of a false security that is directly related to the judgment that is binding plaintiff in the alleged criminal case, and which was issued in the plaintiff identity, as evidence by the fact that the information was found by doing a search using the plaintiff name and case no. CR 90-03-01-PHX-EHC. Plaintiff is requesting that the original security be subpoenaed by this court for verification, if the court has any doubt.

The security is currently trading in the Pimco Low Duration C Fund, Pimoc CUSIP NO. 693390387; Symbol: PTLCX.

CONSTITUTIONAL CLAIMS/VIOLATIONS

1.) Pursuant to Amendment IV, of the Bill of Rights of the Constitution of the United States of America, which guarantees Plaintiff Denard-Darnell: Neal; The Right To Be Free From Illegal Searches and Seizures was and continue to violated by Pimco by the illegal use of plaintiff identity to market bonds thereby facilitating an unconstitutional taking and identity theft of plaintiff Denard-Darnell: Neal; in which plaintiff identity has been use to generate funds in excess of $22 Billion Dollars for Pimco via the illegal use of plaintiff as the surety for the bonds thereby violating plaintiff rights to be secured in his property(person-identity) pursuant to Amendment IV, of the Bill of Rights.

2.) Pursuant to Amendment V, of the Bill of Rights of the Constitution of the United States of America, which secure to Plaintiff Denard-Darnell: Neal; The Right To Due Process of Law, was and continue to be violated by Pimco illegal and hidden bonds being marketed by the Pimco Corporation in which plaintiff Denard-Darnell: Neal; has and continue to be subjected to illegal restraint fo Liberty, Forced Induce Slavery by being subjected to performing as the involuntary surety for Pimco Low Duration C Fund-Symbol: PTLCX; CUSIP: 693390387; Inception Date: 1/12/2007; Net Asset: $22,260,000,000.00; thereby subjecting plaintiff to Denial of Due Process of Law as prohibited by Amendment V, of the Bill of Rights.

3.) Pursuant to Amendment VI, of the Bill of Rights of the Constitution of the United States of America, which guarantee Plaintiff Denard-Darnell: Neal; The Right To Full Disclosure has and continue to be violated by Pimco Corporation refusal/failure to provide plaintiff with disclosure in relation to the use of plaintiff identity in order to market bonds. Said refusal/failure to provide plaintiff with disclosure was done with the intent to deceive, mislead and trick plaintiff into involuntary servitude, slavery, peonage via Pimco Corporation to provide disclosure to plaintiff that plaintiff Denard-Darnell: Neal; was in fact being use as the involuntary surety for Pimco Low Duration C Fund, contrary to the doctrine of the Sixth Amendment, of the Bill of Rights.

4.) Pursuant to Amendment VIII, of the Bill of Rights of the Constitution of the United States of America, which guarantee Plaintiff Denard-Darnell: Neal; The Right To Be Free From Cruel and Unusual Punishment, was and continue to be violated by Pimco Corporation via the illegal and unconstitutional use of plaintiff identity to market bonds which plaintiff Denard-Darnell: Neal; is being used as the involuntary surety for said illegal bonds thereby binding plaintiff Denard-Darnell: Neal; to involuntary and unconstitutional lost of liberty via the unlawful incarceration within the bureau of prisons thereby inflicking a concrete injury upon plaintiff in which plaintiff continue to be subjected to Curel and Unusual Punishment via imprisonment as prohibited by Amendment VIII, of the Bill of Rights.

5.) Purusant to Amendment XIII, of the Bill of Rights of the Constitution of the United States of America, which guarantee Plaintiff Denard-Darnell: Neal; The Right To Be "Free of Slavery, Involuntary Servitude and Peonage, was and continue to be violated by Pimco Corporation via the secret theft of plaintiff identity in order to subject plaintiff Denard-Darnell: Neal; to involuntary servitude by prolong illegal and unconstitutional incarceration within the bureau of prisons by Pimco unlawful use of plaintiff identity as the surety for: Pimco Low Duration C Fund; Symbol: PTLCX; CUSIP:693390387; Inception Date: 1/12/2007; Net Assets: $22,260,000,000.00.; thereby subjecting Plaintiff Denard-Darnell: Neal; to slavery for financial gain as prohibited by Amendment XIII, of the Bill of Rights.

6.) Pursuant to Amendment XIV, of the Bill of Rights of the Constitution of the United States of America, which guarantee Plaintiff Denard-Darnell: Neal; The Right To Equal Protection of Law, was and continue to be violated by Pimco Corporation refusal to honor any law which has resulted in Pimco subjecting Plaintiff to "Fraud via false securities in plaintiff identity thereby subjecting plaintiff to identity theft which in fact was and continue to be a theft by deception, in which the marketing of the fraudulent bonds has and continue to subject Plaintiff to Human Trafficking, Involuntary Servitude, Peonage in the method of securities fraud via the marketing of the bonds/securities on Wall Street under Pimco Low Duration C Fund. The marketing of false securities in plaintiff identity on Wall Street has subjected plaintiff to acts of Civil and Criminal RICO and CEE in which Pimco did engage in conspiracy against the rights of plaintiff with the clear intent tosubject plaintiff to Deprivation of Right Under Color of Law via the acts or omissions of agents for Pimco thereby intentionally subjecting plaintiff to Cruel and Unusual Punishment as prohibited by Eight Amendment via the unlawful and illegal incarceration for financial gain thereby subjecting plaintiff to slavery as prohibited by the Thirteenth Amendment which is causing plaintiff Denard-Darnell: Neal; irreparable harm, wrongs, and injuries in direct violation of plaintiff right to Equal Protection of Law as secured by Amendment XIV, of the Bill of Rights.

RELIEF REQUESTED

WHEREFORE, Plaintiff request that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1.) That Pimco Corporation did knowingly and willingly inflict harm and injury upon the Living Man Denard-Darnell: Neal; viathe market of fraudulent securities in plaintiff identity and said fraudulent securities are identified as: Pimco Low Duration C Fund; Symbol: PTLCX; CUSIP: 693390387; Inception Date: 1/12/2007; Net Asset: $22,260,000,000.00; which has and continue to cause plaintiff harm and injury via the concrete injury of imprisonment thereby subjecting Plaintiff Denard-Darnell: Neal; to Cruel and Unususal Punishment as prohibited by the Eighth Amendment.

2.) That Pimco Corporation did knowingly and willingly engaged in identity theft of Denard-Darnell: Neal; in order to facilitate financial gain for Pimco Corporation via the marketing of fraudulent securities in the identity of Denard-Darnell: Neal; thereby subjecting the plaintiff to violation of the Fourth Amendment to be Secured in ones Person (identity); and that Pimco Corporation also violated Plaintiff Fourteenth Amendment Right To Equal Protection of Law.

3.) That Pimco did knowingly and willingly steal the identity of plaintiff Denard-Darnell: Neal; thereby illegally binding the plaintiff Denard-Darnell: Neal; to fraudulent securities as the involuntary surety for said securities which has and continue to subject Plaintiff Denard-Darnell: Neal; to Slavery, Involuntary Servitude and Peonage in violation of Plaintiff Thirteenth Amendment Right To Be From Slavery Involuntary Servitude and Peonage.

4.) That Pimco Corporation via its theft of Plaintiff identity did and continue denied Plaintiff Denard-Darnell: Nelal; Due Process of Law as Secured by the Fifth Amendment; and that Pimco failure/refusal to provide plaintiff with notice pursuant to the use of plaintiff identity did violate plaintiff right to full disclosure as guaranteed by the Sixth Amendment .

B. Issued an injunction ordering the defendants Pimco and/or their agents to:

5.) Release all records including records of account managers names, fund account stockholders names (name of employees of Pimco, including but not limited to Chief Executive Financial Officer, Chief Executive Officer) in relation to: Pimco Low Duration C Fund; Synbol: PTLCX; CUSIP: 693390387.

6.) Issue an injunction ordering the defendant Pimco and/or their agent to:

Not remove any of the funds located within; Pimco Low Duration C Fund; Symbol: PTLCX; CUSIP: 693390387.

C. Award compensatory damages in the following amounts:

7.) $22,260,000,000.00; againstdefendant Pimco Corporation for identity theft of plaintiff Denard-Darnell: Neal; which subjected plaintiff to illegal restraint of liberty via the binding of Plaintiff to fraudulent securities as the Involuntary Surety.

D. Award puntive damages in the following amounts.

8.) $10,000,000,000.00; against the defendant Pimco.

9.) Award Plaintiff Denard-Darnell: Neal;a total in damages in amount of $32,000,000,000.00.

10.) Plaintiff request that the Court set this matter for jury trial.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I Declare Under Penalty of Perjury that the foregoing is True, Correct and Complete.

Dated: **October 10, 2015**

Respectfully Submitted:

*Denard-Darnell; Neal, UCC 1-308*
Denard-Darnell: Neal
Reg No. 23843-008
Federal Correctional Complex
P.O. BOX 3900
Adelanto, California. 92301

ATTENTION CLERK OF COURT

Dear Madam/Sir,

Please be advise that enclosed with this letter is a civil action along with Exhibits A; B; C; to be filed within your court. Because the enclosed civil action is in fact being levy against a private corporation this Plaintiff is unsure of the exact procedure of the court in regards to the filing and process of the case as plaintiff is not aware of the process necessary to serve process upon the corporation as plaintiff is incarcerated therefore unable to effect process upon the defendants. Please inform plaintiff of any and all action that the plaintiff may need to conduct.

THANKING YOU IN ADVANCE FOR YOUR HELP

Dated: October 10, 2015

Respectfully Submitted:

*Denard-Darnell: Neal, UCC 1-308*

Denard-Darnell: Neal

Reg No. 23843-008

Federal Correctional Complex

P.O. BOX 3900

Adelanto, California. 92301

Denard
Reg No. 23843-008
P.O. Box 3900
Federal Correctional Complex-U.S.P.
Adelanto, California 92301



7004 1160 0003 0257 7135

Legal
Mail

Clerk of Court
United States Courthouse (Annex)
333 West Broadway, Suite 4290
San Diego, California 92101

RECEIVED
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
OCT 21 2015