# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENARD DARNELL NEAL,<br><br>                              Plaintiff,<br>    vs.<br>PIMCO-PACIFIC INVESTMENT MANAGEMENT CO.,<br><br>                              Defendant. | CASE NO. 15cv2389-LAB (DHB)<br><br>**ORDER OF DISMISSAL** |

Neal has sued PIMCO alleging that it fraudulently created and marketed bonds in his name without his permission. He contends this subjected him to slavery, human trafficking, peonage, involuntary servitude, and Constitutional and human rights violations. He also alleges that the U.S. Attorneys Office is working with PIMCO to steal his identity, so in a previous case, it had a financial motive to deprive him of a fair and impartial trial.

**Failure to Pay Filing Fee or Request IFP Status**

Any party instituting a civil action in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $400. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007). Neal hasn't paid the $400 filing fee; nor has he submitted a Motion to Proceed IFP. Thus, the case must be dismissed pursuant to 28 U.S.C. § 1914(a).

**Improper Venue**

A civil action may be brought in any of the following: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

According to the complaint, PIMCO is a California corporation residing in Newport Beach, California. Newport Beach is in the Central District of California. Neal's complaint gives no explanation for why this lawsuit was filed in the Southern District of California rather than the Central District. Nothing in Neal's complaint even suggests that venue is proper in the Southern District. Thus, his case doesn't belong here.

**Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

Neal is cautioned that, if he files his complaint again, it will be screened and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b). The court must *sua sponte* dismiss a complaint, or any portion of it, if it's frivolous, malicious, or fails to state a claim upon which relief may be granted. *See Lopez v. Smith,* 203 F.3d 1122, 1126–27. A complaint is frivolous where "it lacks an arguable basis either in law or in fact." *Martin v. Culinary Cook Post,* 2015 WL 1222368, at *3 (S.D. Cal. Mar. 16, 2015). This includes fanciful factual allegations. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A court may find Neal's allegations fanciful and frivolous.

This case is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**.

DATED: November 9, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge